THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANCIL MARTIN, a/k/a "Shorty" Martin, Defendant-Appellant.

Fourth District   No. 13558

Opinion filed December 16, 1976.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

A Champaign County jury found the defendant, Ancil Martin, guilty of seven counts of theft of property valued in excess of $150 in violation of section 16—1(e)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(e)(2)) and of one count charging a violation of the anti-theft provisions of section 4—103 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 4—103). The defendant was sentenced to seven concurrent terms of imprisonment of 3 to 10 years on the theft charges and a term of 1 to 3 years for the Vehicle Code violation which was to be concurrent with the other sentences.

The defendant raises a single issue for review by this court: Whether the speedy trial provisions of section 103—5(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(e)) were violated. Defendant's trial was commenced within 160 days of sentencing on another conviction, although not within 160 days of the jury's verdict in the prior proceeding.

The facts in this case are not disputed. On December 10, 1974, the defendant was in police custody in Champaign County charged with a bail bond violation and the offenses described above. Defendant was

convicted of the bail bond violation on December 10, 1974, but was not sentenced until February 28, 1975. More than 160 days had elapsed between December 10, 1974, and June 4, 1975, the date defendant's motion to dismiss for want of prosecution was filed, although 160 days had not elapsed between February 28, 1975, and the date the motion was filed, June 4, 1975, or the date the second trial began, June 14, 1975.

Section 102—14 of the Code defines "judgment" as follows:

" 'Judgment' means an adjudication by the court that the defendant is guilty or not guilty and if the adjudication is that the defendant is guilty it includes the sentence pronounced by the court." Ill. Rev. Stat. 1973, ch. 38, par. 102—14.

In *People v. Ike* (1973), 10 Ill. App. 3d 933, 295 N.E.2d 250, Mr. Justice Crebs held on the authority of sections 102—14 and 103—5(e) that the 160-day period runs from the date of sentencing on the first charge. On the authority of *Ike*, we affirm the defendant's conviction in the instant appeal.

Affirmed.

TRAPP, P. J., and CRAVEN, J., concur.